IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CUSTARD, a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>WARNER MUSIC GROUP CORP., a Delaware corporation, WARNER-ELEKTRA-ATLANTIC CORPORATION, a Delaware Corporation, ELEKTRA ENTERTAINMENT GROUP, INC., a Delaware corporation, and ATLANTIC RECORDING CORPORATION, a Delaware corporation,<br><br>    Defendants. | No. 08-CV-2170<br><br>**ANSWER** |

Defendants Warner Music Group Corp., Warner-Elektra-Atlantic Corporation, Elektra Entertainment Group Inc., and Atlantic Recording Corporation, by and through their undersigned attorneys, Jenner & Block LLP, hereby answer the March 4, 2008 complaint (the "Complaint") of plaintiff Custard (the "Plaintiff") as follows:

**NATURE OF ACTION**

    1.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint, except admit that Atlantic Recording Corporation ("Atlantic") distributed James Blunt's album *Back to Bedlam* and that Defendants are all affiliated with Atlantic.

    2.    Defendants deny the allegations in paragraph 2 of the Complaint.

    3.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint, except admit that the album *Back to Bedlam* was delivered to Atlantic and that Blunt was under contract to Custard.

4. Defendants deny the allegations in paragraph 4 of the Complaint, except admit that *Back to Bedlam* was released in the United Kingdom in 2004 and in the United States in 2005, that *Back to Bedlam* has sold over 11 million copies worldwide, that *Back to Bedlam* is one of Atlantic's best selling albums in the past decade, and that the single *You're Beautiful* reached the number one spot on various music charts. Plaintiff's allegation as to Defendants' gross revenues on *Back to Bedlam* is entirely irrelevant to the claims asserted and therefore requires no response.

5. Defendants deny the allegations in paragraph 5 of the Complaint.

### JURISDICTION AND VENUE

6. In response to the allegations in paragraph 6 of the Complaint, Defendants admit that this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

7. Defendants deny the allegations in paragraph 7 of the Complaint, except admit that venue is proper pursuant to 28 U.S.C. § 1391.

### PARTIES

8. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint.

9. Defendants admit that Atlantic is a Delaware corporation with its principal place of business at 1290 Avenue of the Americas, New York, New York 10104.

10. Defendants deny the allegations in paragraph 10 of the Complaint, except admit that Elektra Entertainment Group Inc. ("Elektra") is a Delaware Corporation with its principal place of business at 75 Rockefeller Plaza, New York, New York 10019 and that Atlantic is the successor-in-interest to Elektra with regard to the Label Agreement.

11. Defendants deny the allegations in paragraph 11 of the Complaint, except admit that the principal place of business of Warner-Elektra-Atlantic Corporation ("WEA") is 75 Rockefeller Plaza, New York, New York 10019.

12. Defendants deny the allegations in paragraph 12 of the Complaint, except admit that Warner Music Group Corp. ("WMG") is a Delaware corporation with its principal place of business at 75 Rockefeller Plaza, New York, New York 10019.

## FACTUAL BACKGROUND

13. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint.

14. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.

15. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint, except admit that Blunt had not been signed by Defendants' United Kingdom affiliate prior to 2003.

16. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint.

17. Defendants deny the allegations in paragraph 17 of the Complaint, except admit that the agreement between Custard and Elektra (the "Label Agreement") was signed as of September 30, 2003 and that Atlantic is the successor-in-interest to Elektra for purposes of the Label Agreement.

18. In response to the allegations in paragraph 18 of the Complaint, defendants respectfully refer the court to Exhibit C for a full and accurate recitation of the parties' rights and responsibilities under the Label Agreement.

19. Defendants deny the allegations in paragraph 19 of the Complaint, except admit that a number of drafts of the Label Agreement were exchanged.

20. In response to the allegations in paragraph 20 of the Complaint, Defendants respectfully refer the Court to Exhibit C for a full and accurate recitation of the terms and conditions of the Label Agreement.

21. Defendants deny the allegations in paragraph 21 of the Complaint.

22. Defendants deny the allegations in paragraph 22 of the Complaint.

23. Defendants deny the allegations in paragraph 23 of the Complaint.

24. Defendants deny the allegations in paragraph 24 of the Complaint, except admit that the Label Agreement was effective as of September 30, 2003.

25. Defendants deny the allegations in paragraph 25 of the Complaint.

26. Defendants deny the allegations in paragraph 26 of the Complaint.

27. Defendants deny the allegations in paragraph 27 of the Complaint, except admit that *Back to Bedlam* was released in the United Kingdom on October 11, 2004.

28. Defendants deny the allegations in paragraph 28 of the Complaint, except admit that *Back to Bedlam* was released in the United States on October 4, 2005.

29. In response to the allegations in paragraph 29 of the Complaint, defendants respectfully refer the Court to Exhibit A for a full and accurate recitation of the royalty provisions of the Blunt Deal Memo.

30. Defendants deny the allegations in paragraph 30 of the Complaint and respectfully refer the Court to Exhibit C for a full and accurate recitation of the terms and conditions of the Label Agreement.

31.     Defendants deny the allegations in paragraph 31 of the Complaint, except admit that the Artist Term Contract was effective as of September 30, 2003.

32.     Defendants deny the allegations in paragraph 32 of the Complaint and respectfully refer the Court to Exhibit B, Exhibit C and Exhibit E for a full and accurate recitation of the terms and conditions of the Artist Term Contract, the Label Agreement, and the Termination Agreement.

33.     Defendants deny the allegations in paragraph 33 of the Complaint, except admit that *Back to Bedlam* sold over 11 million album units worldwide.  Plaintiff's allegation as to Defendants' gross revenues on *Back to Bedlam* is entirely irrelevant to the claims asserted and therefore requires no response.

34.     Defendants deny the allegations in paragraph 34 of the Complaint, except admit that Atlantic and James Blunt renegotiated certain terms of the Artist Term Contract.

35.     Defendants deny the allegations in paragraph 35 of the Complaint, except admit that Exhibit D is a copy of a contract between Atlantic and James Blunt and respectfully refer the Court to the language in Exhibit D for a full and accurate recitation of the terms and conditions of that agreement and to Exhibit C for a full and accurate recitation of the terms and conditions of the Label Agreement.

36.     Defendants deny the allegations in paragraph 36 of the Complaint except admit that there were written communications exchanged between attorneys for the parties relating to the issues addressed in this action and respectfully refer the Court to Exhibit 1 and Exhibit 2 attached to the Defendants' Answer for an accurate account of the written communication between Custard and the Defendants.

37.   Defendants deny the allegations in paragraph 37 of the Complaint.

38.   Defendants deny the allegations in paragraph 38 of the Complaint.

39.   Defendants deny the allegations in paragraph 39 of the Complaint.

40.   Defendants deny the allegations in paragraph 40 of the Complaint.

41.   Defendants deny the allegations in paragraph 41 of the Complaint.

42.   Defendants deny the allegations in paragraph 42 of the Complaint.

43.   Defendants deny the allegations in paragraph 43 of the Complaint, except admit that Custard's Royalty Statement for the period January 1, 2006 through June 30, 2006 was sent to Custard in October 2006.

44.   Defendants deny the allegations in paragraph 44 of the Complaint.

## ANSWER TO CLAIMS FOR RELIEF

## FIRST CLAIM

45.   Defendants incorporate by reference their responses to paragraphs 1-44 as if set forth herein.

46.   In response to the allegations in paragraph 46 of the Complaint, Defendants respectfully refer the Court to Exhibit C for a full and accurate recitation of the terms and conditions of the Label Agreement.

47.   Defendants deny the allegations in paragraph 47 of the Complaint and respectfully refer the Court to Exhibit A for a full and accurate recitation of the terms and conditions of the Blunt Deal Memo.

48.   Defendants deny the allegations in paragraph 48 of the Complaint, and respectfully refer the Court to Exhibit C for a full and accurate recitation of the terms and conditions of the Label Agreement.

49. Defendants deny the allegations in paragraph 49 of the Complaint and respectfully refer the Court to Exhibit D for the current royalty rates payable as Artist's Share of Royalties and to Exhibit C for the method of calculating the Production Share of Royalties.

50. Defendants deny the allegations in paragraph 50 of the Complaint.

51. Defendants deny the allegations in paragraph 51 of the Complaint.

## SECOND CLAIM

52. Defendants incorporate by reference their responses to paragraphs 1-51 as if set forth herein.

53. Defendants admit that Custard and Atlantic are the current parties to the Label Agreement.

54. Defendants deny the allegations in paragraph 54 of the Complaint.

55. Defendants deny the allegations in paragraph 55 of the Complaint.

56. Defendants deny the allegations in paragraph 56 of the Complaint.

## THIRD CLAIM

57. Defendants incorporate by reference their responses to paragraphs 1-56 as if set forth herein.

58. Paragraph 58 states a conclusion of law to which no response is required.

59. Defendants deny the allegations in paragraph 59 of the Complaint.

60. Defendants deny the allegations in paragraph 60 of the Complaint.

## FOURTH CLAIM

61. Defendants incorporate by reference their responses to paragraphs 1-60 as if set forth herein.

62. Defendants incorporate by reference their responses to paragraphs 1-61 as if set forth herein.

63. Defendants deny the allegations in paragraph 63 of the Complaint and respectfully refer the Court to Exhibit C for a full and accurate recitation of the terms and conditions of the Label Agreement.

64. Defendants deny the allegations in paragraph 64 of the Complaint and respectfully refer the Court to Exhibit C for a full and accurate recitation of the terms and conditions of the Label Agreement.

65. Defendants deny the allegations in paragraph 65 of the Complaint, except admit that between January 1, 2006 and the present the Production Share of Royalties as defined in the Label Agreement has amounted to over two million dollars.

66. Defendants deny the allegations in paragraph 66 of the Complaint.

67. Defendants deny the allegations in paragraph 67 of the Complaint.

68. Defendants deny the allegations in paragraph 68 of the Complaint.

69. Defendants deny the allegations in paragraph 69 of the Complaint.

70. Defendants deny the allegations in paragraph 70 of the Complaint.

## FIFTH CLAIM

71. Defendants incorporate by reference their responses to paragraphs 1-70 as if set forth herein.

72. Defendants deny the allegations in paragraph 72 of the Complaint, except admit that Custard and Atlantic are parties to the Label Agreement.

73. Defendants deny the allegations in paragraph 73 of the Complaint, and respectfully refer the Court to Exhibit B and Exhibit C for a full and accurate

recitation of the terms and conditions of the Artist Term Contract and the Label Agreement.

74. Defendants deny the allegations in paragraph 74 of the Complaint.

75. Defendants deny the allegations in paragraph 75 of the Complaint.

## DEFENSES

### FIRST DEFENSE

Plaintiff's allegations fail in whole or in part to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

### THIRD DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

### FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

### FIFTH DEFENSE

Plaintiff's claims are barred in whole or in part because defendants have already made all payments to which the Plaintiff is legally entitled.

### SIXTH DEFENSE

Any harm alleged to have been suffered by Plaintiff is the result of its own acts or omissions.

WHEREFORE, Defendants respectfully request that the Court:

A. Dismiss Plaintiff's Complaint in its entirety with prejudice and award judgment to Defendants;

B.      Award Defendants their reasonable costs and attorneys' fees incurred in having to defend this action; and

C.      Award Defendants such other and further relief as the Court deems just and proper.

Dated: New York, New York  
      April 7, 2008

Respectfully submitted,

JENNER & BLOCK LLP

By:  s/ Andrew H. Bart

Andrew H. Bart (AB-6724)  
919 Third Avenue, 37th Floor  
New York, New York 10022  
(212) 891-1600  
*Attorneys for Defendants Warner Music Group Corp., Warner-Elektra-Atlantic Corporation, Elektra Entertainment Group Inc., and Atlantic Recording Corporation.*

## **CERTIFICATE OF SERVICE**

I, Andrew H. Bart, do hereby certify that on this 7th day of April 2008 I caused the within **Answer** to be filed via the Southern District of New York's Electronic Case Filing system and caused same to be served via U.S. First Class mail delivery upon ***Peter D. Raymond, Reed Smith LLP***, 599 Lexington Avenue, New York, New York 10022 by having a true and correct copy of same wrapped in a postage-paid envelope and deposited into the care and custody of the United States Postal Service.

| | |
|---|---|
| Dated:  New York, New York | Respectfully submitted, |
| April 7, 2008 | JENNER & BLOCK LLP |
| | By:   s/ Andrew H. Bart |
| | Andrew H. Bart (AB-6724)<br>919 Third Avenue, 37th Floor<br>New York, New York  10022<br>(212) 891-1600<br>*Attorneys for Defendants Warner Music Group Corp., Warner-Elektra-Atlantic Corporation, Elektra Entertainment Group Inc., and Atlantic Recording Corporation.* |